## Hinnershits *versus* Bernhard's Executors.

The rights of legatees are fixed at the death of the testator, and the 11th section of the act of 1848, allowing to a widow who elects *not* to take under the will her share of the personal estate of her husband, is not to be applied to the estate of a testator, who died *before* the passage of that act, though the act of election was not made till *after* its passage.

The term *dower*, in the 11th section of the act of April, 1833, relating to last wills and testaments, is to be construed according to its common law meaning; and is therefore different from the share given to the widow by the first section of the *intestate* act of April, 1833. Under the claim of *dower*, the widow of a testator who left no children, is not entitled to any share of the *personal* estate of her husband, or to a moiety of the profits of his real estate.

ERROR to the Common Pleas of *Berks county*.

This was an amicable action. A case was stated for the opinion of the court. The question was, what was the share of the wife of Hinnershitz in the estate of Bernhard, her former husband. Bernhard died on the 8th April, 1848, leaving a will dated the 30th March, 1848. In this will he bequeathed to his wife all his household and kitchen furniture, together with all his chattels and farming utensils.

Item: I give and bequeath unto my said wife, the use and occupation of a certain messuage and tract of land, situate in Alsace township, Berks county, adjoining lands of Samuel Smeck, Samuel Wahl, Samuel Wentzel, and the Reading railroad, being fifteen acres more or less, with all the improvements thereon, during her natural life time, if she shall so long remain my widow. I do also will and bequeath unto my said wife the interest of seven hundred dollars, out of a bond of three thousand dollars, I hold from John Bernhard and Isaac Bernhard, the said interest to be yearly paid to my said wife, as long as she shall remain my widow. But should my said wife again enter into the bonds of matrimony, then I order my executors hereinafter named, sixty days after her marriage, to take possession of the aforesaid premises for the use of my two brothers, John Bernhard and Isaac Bernhard, and the interest on the seven hundred dollars to cease from the date of her marriage.

Item: The balance of the three thousand dollar bond, not devised, together with all the rest of my estate which is not bequeathed by me, I do will and bequeath to my two brothers, John Bernhard and Isaac Bernhard, share alike.

Item: After the decease or marriage of my said wife, as the case may be, I do devise and bequeath the aforesaid described property, and also the seven hundred dollars, whereof the interest is to be paid to my said wife as above, the same to be equally divi-

[Hinnershits *v.* Bernhard's Executors.]

ded amongst my two brothers, John Bernhard and Isaac Bernhard.

He nominated his brothers, John and Isaac, executors of his will.

The said widow, on the eleventh day of August, 1848, elected not to take the devises and bequests contained in said will in her favor, and claimed to have her dower, as she is by law entitled thereto.

The said testator died leaving debts to a considerable amount, but said amount is not precisely known, but after they are paid there will be a considerable amount for distribution.

The said testator died leaving moveable goods and money in his house to the value of $364 62½.

There was a debt of three thousand dollars, secured by bond and mortgage, due to said testator, by his two brothers, John and Isaac, payable on the first day of April, A. D. 1847, with interest, which was to be paid annually.

The questions submitted to the court for its decision are as follows:

1. Is the widow of said testator entitled to the one-half of the rents, issues and profits of said tract of land, for and during her natural life, including the mansion house and building appurtenant thereto.

2. Is the widow of said testator entitled absolutely to the one-half of the personal estate of said testator, including the debt of three thousand dollars due by his two brothers, (after payment of his debts,) and to the property described in the 8th and 9th sections of the act of twenty-second April, A. D. 1846.

The main question was the construction of the proviso of the 11th section of the act concerning wills, passed April 8, 1833, which is as follows: "*Provided*, That nothing herein contained shall deprive the widow of her choice either of dower, or of the estate or property so devised or bequeathed."

In the second article of the first section of the intestate act, passed on the same day, viz: 8th April, 1833, it is provided, that "where such intestate shall leave a widow and collateral heirs, or other kindred, but no issue, the widow shall be entitled to one-half part of the real estate, including the mansion house and buildings appurtenant thereto, for the term of her natural life, and to one-half part of the personal estate absolutely."

The court below, GORDON, President, expressed the opinion, that the second section of the act of 8th April, 1833, applied to estates of intestates only. The same remarks apply to the second question submitted for our decision; a question arising under the same law, except that part of it which relates to the property de-

scribed in the 8th and 9th sections of the act of 22d April, 1846. That property, however, must be the property of an intestate, which the property referred to in the case before us, is not. But the defendant supposes his case is aided by the words of the act of 11th April, 1848, which declare that the eleventh section of the act of 8th April, 1833, entitled "An Act relating to last wills and testaments," shall not be construed to deprive the widow of the testator, in case she elects not to take under the last will and testament of her husband, of her share of the personal estate of her husband, under the intestate laws of this commonwealth." The words of this act would admit of a construction, perhaps, which would render them operative in cases where the testator, as in this case, died before the passage of the law. This, we think, could not have been the intention of the Legislature, as it would be a manifest invasion of the rights of legatees, vested under the will, at the death of the testator; and if we examine the 11th section of the act of 8th April, 1833, relating to wills and testaments, we shall find no words there, which, under any construction, could be held to apply to the personal property of a testator.

Let judgment be entered in favor of the plaintiffs on the case stated.

Errors were assigned to the answers and charge of the court; and

3. In not awarding to the widow of Adam Bernhard, deceased, such goods and chattels as were exempt from execution under the said acts of assembly.

4. In not awarding to the said widow her distributive share under the intestate laws of this state.

5. Or her dower at law.

The 11th section of the act of 11th of April, 1833, provides as follows: "That the 11th section of the act of the 8th of April, 1833, entitled 'An Act relating to last wills and testaments,' shall not be construed to deprive the widow of the testator, in case she elects not to take under the last will and testament of her husband, of her share of the personal estate of her husband, under the intestate laws of this commonwealth, but that the said widow may take her choice, either of the bequest or devise made to her under any last will and testament, or of her share of the personal estate under the intestate laws aforesaid."

The case was argued by *N. D. Strong* for plaintiffs in error.— He contended, *inter alia*, that the act of 11th April, 1848, was declaratory of the construction to be put upon the 11th section of the act relating to wills, passed 8th April, 1833; that as the widow elected not to take under the will, the testator died *intes-*

[Hinnershits *v.* Bernhard's Executors.]

*tate* as to her; that there is no dower at common law in Pennsylvania, in cases like the present; that the widow's share, like any other, is the creature of the statute. He contended that the widow may elect to treat her husband as having died *intestate.*

*Banks,* contra.

The opinion of the court was delivered by

GIBSON, C. J.—The first question is whether the rights of the legatees were so far vested that the act of 1848 could not touch them. At the testator's death, his widow had her election to stick to her dower and abandon the will, or stick to the will and abandon her dower. Her inducements were her common law dower on the one hand, and her testamentary provision on the other. Pending her election, the legislature directed by that act, that the eleventh section of the act of 1833, which declared that every bequest to the testator's widow shall be taken to be in lieu of dower, unless it be otherwise expressed, " shall not be construed to deprive the widow of the testator, in case she shall elect not to take under the last will and testament of her husband, of her share of the personal estate of her husband under the intestate laws of this commonwealth; but that the said widow may take her choice, either of the bequest or devise made to her under any last will or testament, or of her share of the personal estate *under the intestate laws* aforesaid." Accurately speaking, the widow of a testate husband has no share of the personal estate but what is given her by the will; still it is obvious the intention was to put it in her power, if she pleased, to have what she would have got had there not been a will. The rights of the parties, however, were fixed at the death, and the legislature could not unfix them. It is said they were not vested because the widow had not made her choice; but they certainly would be impaired by swaying her choice by means of a premium for throwing the burthen of her provision on the legatees; and a law to give her such a premium, would be unconstitutional. She was entitled to choose between her testamentary provision and her dower, as it was at the death; and if her right of choice were enlarged it would break in on the rights to be affected by it. It is not to be believed the testator would have made the same dispositions had he supposed the legislature had power to make it worth her while to disarrange them; and in that aspect, his rights also, would be invaded.

The next point is more palpably unfounded. The widow claims a moiety of the profits of the real estate as *dower.* The act of 1833, re-enacting a provision of the act of 1794, declares that every devise or bequest to the testator's widow shall be in lieu of her dower, unless the contrary be expressed: " Provided that nothing herein contained shall deprive the widow of her choice

[Hinnershits *v.* Bernhard's Executors.]

either of dower, or of the estate or property so devised or be-
queathed." The act of 1833 had declared that when "an intes-
tate shall leave a widow and collateral heirs, or other kindred, but
no issue, the widow shall be entitled to one-half of the real estate,
including the mansion house and the buildings appurtenant thereto,
for the term of her life;" and this is claimed as a statute species
of dower, though it derives no support from the act of 1848.—
But there was no intestacy, and the intestate laws have never op-
erated on land which has passed by will. In no part of them
is the widow's share called dower. In this instance she took
by the common law, and no more than it gave her. The
matter has been viewed in this light by the profession; for no
lawyer ever thought of proceeding for dower in the orphan's court
—a conclusive proof that her estate under the intestate laws is
peculiar.

The remaining point has not a shadow of reason to support it.

Judgment affirmed.